**AUTO SPECIALTIES MANUFACTURING CO., a corporation of Michigan, Appellant,**

v.

**HANDLER MOTOR SUPPLY CO., a corporation of Iowa, Appellee.**

No. 15219.

United States Court of Appeals Eighth Circuit.

Nov. 8, 1955.

Richard R. Trexler, Chicago, Ill. (Geo. D. Harris, Waterloo, Iowa, and Estill E. Ezell, St. Louis, Mo., on the brief), for appellant.

Samuel J. Stoll, Jamaica, N. Y. (Charles F. Swisher, Waterloo, Iowa, on the brief), for appellee.

Before WOODROUGH, JOHNSEN and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

The trial court set forth the grounds upon which it adjudged the automobile bumper screw jack patent No. 2630295 12/31/48: 3/3/53. sued on in this case to be void in findings of fact and conclusions of law which are reported at D.C., 122 F. Supp. 573. They include verbatim the lengthy claims 3 and 4 of the patent which are relied on by the plaintiff in the action and a concise and clear definition of the patent and of all its elements which the court drew in its own language from its study of the specifications, drawings, claims and evidence.

Its finding No. 13 reads:

"13. The patent in suit describes a screw type bumper jack. For convenience, the jack described will be referred to as plaintiff's jack. The plaintiff introduced into evidence as Exhibit 'H' a jack which it claimed conforms to the patent. The plaintiff's jack is of the bipod type. It has a front, or lifting, leg and a rear, or bracing, leg. The front leg consists of a U-shaped channel iron which houses a screw. The free, or open, edges of the channel iron are to the front. A bumper is engaged by means of a lifting hook, or saddle, attached to a bracket. The bracket fits into the channel. It is so engaged that it rests upon the open edges of the channel iron. The bracket fits over the open edges in such a manner as to hold it in its proper position. The screw housed in the channel passes through a threaded bore in the lifting hook bracket. The lifting hook bracket is raised and lowered by turning the

screw with a pivotal handle located near the top of the lifting leg. The weight of the load engaged by the lifting leg is borne by the free, or open, edges of the channel iron or the screw. The rear, or supporting, leg is tubular. It is pivotally secured to the front, or lifting, leg. There is a sheet metal folding cross brace between the front and rear legs which folds against the front leg. The cross brace limits the outward movement of the rear leg. Both the lifting leg and the supporting leg have folded flange bases."

The findings also include a list of the prior art patents which were considered by the court an enumeration of the various types of jacks disclosed therein, identifying both the jack described in the patent in suit and the accused jack as belonging to the "screw type", a type of jack found to be "in common and general use." The occasion for making such screw type jacks to lift automobiles by the bumper rather than by the axle and the development and working of them are also described in the findings.

All the evidentiary details of fact are clearly related to the determination of the court in finding 15, page 576, that the patent in suit is an aggregation of old elements which in the aggregation perform or produce no new or different function or operation than that theretofore performed or produced by them; that the arrangement and form of its elements is a matter of engineering choice; that the matter of whether a lifting bracket in an inclined screw type jack should bear on the open edges of a U-shaped channel iron is a matter of engineering choice; that the state of the art prior to the patent was such that one skilled in the art before him could have constructed the jack of the patent and that the patent is lacking in invention because of the state of the prior art.

The sixteen numbered findings of the trial court and its defining of the patent in suit were drawn with such care and exactness that appellant concedes in its brief here that "the only finding of the

trial court materially in question with the present appeal is finding 15 wherein the court holds the claims in suit invalid as lacking in invention, and as defining an aggregation of old elements." All the trial court's findings therefore excepting number 15 may be understood as assumed in our opinion here.

Possibly the narrowness of the claim of invention in the patent in suit was not made as obvious in the trial court as it is here. The trial court stated:

"It is apparently the claim of the plaintiff that having the lifting bracket bear against the free or open edge of the channel constituted invention."

But the record here leaves no doubt that that does constitute appellant's claim of novel and useful inventive addition to the art of screw type jacks embodied in the patent in suit. With that in mind we note, as stated by the court, that "U-shaped channel irons in which brackets are moved up and down by a screw are all elements which are old and in some cases ancient." In such screw type jacks the member moved up and down by the turning of the screw is like the nut on a bolt and when the screw is suspended and housed within the U-shaped strut, the strut must serve to hold the nut against turning while the screw turns and also to minimize bending pressure on the screw.

When the lifting bracket bears upon free or open edges of the channel as directed in the patent here, the U-shaped member undoubtedly holds the nut against turning while the screw turns as well as that is done under other patents but the base plate is the only retaining element provided to prevent the screw from being bent or even pulled clear out of the front leg in the course of those operations of the jack that bring it into an upright position. That base plate is at the bottom end of the screw so that the screw remains unsupported in this respect through most of its length.

We are in full accord with the finding of the trial court that the matter of

whether a lifting bracket in an inclined screw type jack should bear on the open edges of a U-shaped channel iron housing the screw or on other surfaces of the channel iron is plainly and simply a matter of engineering choice. The choice of the patent constitutes no "invention added to the old art."

We also think it is not without significance that the plaintiff in this action soon departed in its manufacture from the teaching of its patent in suit where the lifting bracket of its jack "bears upon" "free open edges" of the U-shaped channel. It soon made its product more like Patent No. 2630296. There the front leg has a pair of inwardly turned flanges which project into a pair of grooves formed in the lifting bracket so that the lifting bracket can not be pulled forward. This feature is set forth in the first object of the invention described in the specification column 1, lines 5 to 20 as follows:

"Heretofore difficulties have been encountered in such jacks in that the load tended to tip the load carrying member and hence to shift the load carrying member away from the strut resulting in deformation of the screw, binding of the screw and load carrying member, and excessive wear of the coupling between the screw and load carrying member.

"An object of this invention is to provide an automobile jack wherein the lifting screw is relatively weak but strong enough to sustain the axial component of a load lifted by the jack and wherein the load lifting member is coupled to the strut in such manner that the strut carries all transverse load components with no transverse strain being imposed on the screw."

There is plainly an admission of deficiency in the very elements of the patent that are relied on as inventive.

Appellant contends here that the accused screw type bumper jack was copied from the patent in suit reflecting a recognition of validity of the patent, but the evidence does not sustain the contention. The manufacturer of the accused device testified that he had never seen a jack made in accord with the patent in suit until after this suit was instituted. He knew the jacks appellant was putting out which are different from the patent and the evidence does not persuade that he copied any of them.

The contention is also made that jacks constructed in conformity with the patent had great commercial success, but the trial court did not so find nor have we so concluded from the evidence. Jacks in accord with the patent were only on the market for a very short time and large expenditures were made to advertise them. The evidence of the plaintiff as to sales lend practically no support to plaintiff's claim of invention.

We have made comparison of the patent with the prior art in the light of the exemplifying exhibits and have considered the evidence and are satisfied that the findings of the District Court are in accord with the evidence and that the conclusion and judgment are not erroneous in any particular.

Affirmed.